**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION**

---

|  |  |  |
|---|---|---|
| **ELIJAH GARRISON,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 1:26-cv-01074-STA-jay** |
| | ) | |
| **WARDEN BRIAN ELLER, ET AL.,** | ) | |
| | ) | |
| **Respondents.** | ) | |
| | ) | |

---

**ORDER DIRECTING CLERK TO MODIFY THE DOCKET AND
DIRECTING RESPONDENT TO FILE THE STATE COURT RECORD AND
A RESPONSE TO THE § 2254 PETITION**

---

Petitioner Elijah Garrison, Tennessee Department of Correction prisoner number 517303, an inmate at the Northeast Correctional Complex in Mountain City, Tennessee, has filed a *pro se* Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by the Person in State Custody (the "Petition").[1]   (ECF No. 1.)   Petitioner has paid the $5.00 habeas filing fee.   (ECF No. 8.) The Petition is before the Court on preliminary review.   *See* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules").

It is **ORDERED**, pursuant to Habeas Rule 4 that Respondent file a response/answer to the Petition within 28 days.   The answer shall include the complete state-court record, organized and appropriately indexed, as required by Administrative Order 16-31.[2]   *See* 28 U.S.C. § 2254(b)(1).

---

[1] The Court **DIRECTS** the Clerk to remove the State of Tennessee as a party to this action. *See* Fed. R. Civ. P. 25(d); *see also Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) (explaining that "in habeas challenges to present physical confinement . . . the default rule is that the proper respondent is the warden of the facility where the prisoner is being held").

[2] The party filing a document has the burden of ensuring the proper protection of sensitive information and taking measures to seal such information where appropriate.   *See* Electronic Case Filing Attorney User Manual for the United States District Court, Western District of Tennessee,

For each claim, the answer shall at a minimum, address the timeliness of the Petition, state whether the claim was exhausted, in whole or in part, in state court and shall assert appropriate procedural defenses.   Where only a portion of a claim has been exhausted in state court, the answer shall specify the aspects of the claim that were exhausted and the aspects of the claim that are subject to procedural defenses.   Where a merits analysis is appropriate, the answer shall: (1) cite the state court ruling for an exhausted claim; (2) identify the clearly established Supreme Court precedent governing the claim; and (3) respond to the petitioner's argument that he is entitled to habeas relief on the claim with appropriately reasoned legal and factual argument.

Pursuant to Habeas Rule 5(e), Petitioner may, if he chooses, submit a reply to Respondent's answer or response within 28 days of service.   Petitioner may request an extension of time to reply if his motion is filed on or before the due date of his reply.   The Court will address the merits of the Petition, or of any motion filed by Respondent, after the expiration of Petitioner's time to reply, as extended.

It is **ORDERED** that the Clerk shall send a copy of the Petition (ECF No. 1) and this Order to the Respondent and the Tennessee Attorney General and Reporter by certified mail. *See* Habeas Rule 4.

---

Section I.A.13; *see also* Electronic Case Filing Policies and Procedures Manual for the United States District Court Western District of Tennessee, Section 8 Sealed Documents, https://www.tnwd.uscourts.gov/sites/tnwd/files/LocalRules.pdf (last accessed Sept. 19, 2025).

It is **ORDERED** that the Clerk shall mail the parties the form for Notice, Consent, and Reference of A Civil Action to A Magistrate Judge (AO 85).

**IT IS SO ORDERED**.

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: June 9, 2026