**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **ELIJAH GARRISON,** | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 1:26-cv-01074-STA-jay** |
| | ) | |
| **WARDEN BRIAN ELLER,** | ) | |
| | ) | |
| **Respondent.** | ) | |

**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS,**
**DISMISSING § 2254 PETITION AS TIME BARRED,**
**DENYING A CERTIFICATE OF APPEALABILITY,**
**CERTIFYING THAT APPEAL WOULD NOT BE TAKEN IN GOOD FAITH, AND**
**DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

Before the Court is the *pro se* petition under 28 U.S.C. § 2254 of Petitioner Elijah Garrison, Tennessee Department of Correction prisoner number 517303, an inmate at the Northeast Correctional Complex in Mountain City, Tennessee. (ECF No. 1.) Respondent Warden Brian Eller has filed a motion to dismiss the petition. (ECF No. 13.) Petitioner did not file a response, and the time to do so has expired. (*See* ECF No. 9.)

For the reasons that follow, the Court **GRANTS** Respondent's motion and **DISMISSES** the § 2254 petition because it is time barred.

## BACKGROUND

Petitioner was convicted in 2021 of first-degree murder, in violation of Tennessee Code Annotated § 39-13-202, and unlawful possession of a firearm, in violation of Tennessee Code Annotated § 39-17-1307(b)(1)(A). *State v. Garrison*, No. W2021-01064-CCA-R3-CD, 2022 WL 17498889, at *1 (Tenn. Crim. App. Dec. 8, 2022). The state trial court imposed an effective sentence of life imprisonment plus 10 years. (*Id.*)

The Tennessee Court of Criminal Appeals ("TCCA") affirmed the judgments of conviction. *Id.* at *7. Petitioner did not seek further discretionary review with the Tennessee Supreme Court. (ECF No. 1 at PageID 2.)

Petitioner filed a *pro se* petition for state post-conviction relief on December 7, 2023. *Garrison v. State*, No. W2024-01005-CCA-R3-PC, 2025 WL 1368431, at *2 (Tenn. Crim. App. May 12, 2025). The state post-conviction trial court held an evidentiary hearing and denied relief in a written order. *Id.* at *2-3.

Petitioner appealed the denial of post-conviction relief to the TCCA, and the TCCA affirmed the judgment of the post-conviction trial court on May 12, 2025. *Id.* at * 6. Petitioner did not seek permission to appeal from the Tennessee Supreme Court. (ECF No. 1 at PageID 4.)

On March 30, 2026, Petitioner filed the instant § 2254 petition.[1] Petitioner alleges that his trial counsel was ineffective and that the prosecution withheld "material evidence" in violation of *Brady*. (*Id.* at PageID 4-7.) Respondent argues that the Court need not address the merits of Petitioner's claims because the § 2254 petition is time barred. (ECF No. 13 at PageID 859-60.)

**ANALYSIS**

A § 2254 petition is subject to a one-year limitations period, commencing from four possible dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

[1] This is the date that Petitioner signed his § 2254 petition and certified that he had placed it into the prison mail system. (ECF No.1 at PageID 10.) Under the "prison mailbox rule" of *Houston v. Lack*, 487 U.S. 266, 270 (1988), and the Sixth Circuit's subsequent extension of that rule to civil actions by *pro se* prisoners in *Richard v. Ray*, 290 F.3d 810, 812-13 (6th Cir. 2002), a prisoner's legal mail is considered "filed" when he deposits his mail in the prison mail system to be forwarded to the Clerk of Court via first-class, postage-prepaid mail.

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).[2]

The TCCA affirmed Petitioner's judgment of conviction on December 8, 2022. Petitioner did not file an application for discretionary review with the Tennessee Supreme Court. His judgment became final for purposes of § 2244(d)(1) on February 6, 2023, when the time to seek discretionary review with the Tennessee Supreme Court expired. *See* Tenn. R. App. P. 11(b) (providing that applications for permission to appeal be filed with the Supreme Court "within 60 days after the entry of the judgment" of the TCCA); *see also Gonzalez v. Thaler*, 565 U.S. 134, 154 (2012) (holding that when a state prisoner "does not seek review in a State's highest court, the judgment becomes 'final' under § 2244(d)(1)(A) when the time for seeking such review expires").

The statute of limitations began running the next day on February 7, 2023. *See* Fed. R. Civ. P. 6(a)(1)(A) (providing that "[w]hen the period is stated in days or a longer unit of time . . . exclude the day of the event that triggers the period"). Petitioner filed his state habeas petition on December 7, 2023. *Garrison*, 2025 WL 1368431, at *2. By that time, 303 days of the one-year limitations period had elapsed. The filing of Petitioner's state habeas petition paused the running

[2] Under § 2244(d)(1), the limitations period begins to run from the latest of the four specified circumstances. In this case, however, there is no reason to conclude that the limitations period for the issues raised by Petitioner commenced at any time later than the date on which his conviction became final.

of the limitations period. *See* 28 U.S.C. § 2244(d)(2) (providing that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection").

The TCCA affirmed the denial of Petitioner's state habeas petition on May 12, 2025. *Garrison*, 2025 WL 1368431, at *1. The statute of limitations remained tolled for 60 days, the time during which Petitioner could have, but did not, seek discretionary post-conviction review from the Tennessee Supreme Court. *See* Tenn. R. App. P. 11(b); *see also Gonzalez*, 565 U.S. at 154. Petitioner's state post-conviction proceedings concluded on July 11, 2025, when the time for seeking discretionary review expired.

The limitations period resumed on July 12, 2025, and it expired 62 days later on September 11, 2025. The § 2254 petition, which Petitioner declared that he placed in the prison mail system on March 30, 2026, was filed after the limitation's period had expired and is time barred. (*See* ECF No. 1 at PageID 10.)

**A. Equitable Tolling**

The one-year limitations period is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645 (2010). A petitioner is entitled to equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id*. at 649 (internal quotation marks and citation omitted). The doctrine of equitable tolling should be applied only "sparingly." *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010). The petitioner carries the burden of showing that he is entitled to equitable tolling. *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004).

Petitioner does not argue that he is entitled to equitable tolling. He represents that his § 2254 petition is timely. (ECF No. 1 at PageID 9.) Petitioner did not file a response to Respondent's motion to dismiss. He has failed to satisfy his burden of showing that he is entitled to equitable tolling. *See Allen*, 366 F.3d at 401.

**B. Actual Innocence**

The limitations period may also be "overcome" through a "gateway" claim of actual innocence. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). But Petitioner does not argue that he is actually innocent of his state court convictions. (*See* ECF No. 1 at PageID 4-7.) Accordingly, he is not entitled to equitable tolling of the limitations period based on actual innocence.

## CONCLUSION

Petitioner's § 2254 petition is time barred. The Court **GRANTS** Respondent's motion to dismiss and **DISMISSES** the § 2254 petition **WITH PREJUDICE**. The Court will enter judgment for Respondent.

## APPELLATE ISSUES

No § 2254 petitioner may appeal without a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). To obtain a COA, a petitioner must make "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2); *see Dennis v. Burgess*, 131 F.4th 537, 539 (6th Cir. 2025). A petitioner must demonstrate "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). If the district court denies relief on a procedural ground without reaching the underlying constitutional claim, a COA should issue when the petitioner demonstrates "that jurists of reason would find it debatable whether the petition states a valid claim

of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because jurists of reason would not debate the Court's conclusion that the § 2254 petition is time barred, the Court **DENIES** a COA.

A party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). If the district court certifies that an appeal would not be taken in good faith or otherwise denies leave to appeal *in forma pauperis*, the prisoner must file his motion to proceed *in forma pauperis* in the appellate court. *See* Fed. R. App. P. 24(a)(4)-(5). For the same reasons the Court denies a COA, the Court **CERTIFIES** that any appeal would not be taken in good faith. Leave to appeal *in forma pauperis* is **DENIED**.[3]

**IT IS SO ORDERED**.

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: August 20, 2026

[3] If Petitioner files a notice of appeal, he must pay the full $605 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within 30 days of the date of entry of this order. *See* Fed. R. App. P. 24(a)(5).